UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL HERNANDEZ, | No. 2:18-cv-3265 AC P |
| Plaintiff, | |
| v. | ORDER |
| RALPH DIAZ, | |
| Defendant. | |

I. Introduction

Plaintiff is a state prisoner at the Sierra Conservation Center (SCC), in Jamestown, under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a complaint filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). See ECF No. 6. For the following reasons, plaintiff's request to proceed in forma pauperis is granted and his complaint is dismissed with leave to amend.

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF Nos. 2, 5. Accordingly, plaintiff's request to proceed in forma pauperis will be granted.

Plaintiff must nevertheless pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

    III.    <u>Screening of Plaintiff's First Amended Complaint</u>

        A.    <u>Legal Standards for Screening Prisoner Civil Rights Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (<u>quoting</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u> at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" <u>Iqbal</u> at 678 (quoting <u>Twombly</u> at 570). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotation marks omitted)). See also Fed. R. Civ. P. 8(e) ("Pleadings shall be so construed as to do justice."). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### B. Plaintiff's Allegations

Plaintiff alleges in his complaint only that he "is being unlawfully held without parole consideration" in violation of the "Due Process Clause of the Fourteenth Amendment," for which he seeks "compensation and a trial by jury." ECF No. 1 at 1-6. The only named defendant is CDCR Secretary Ralph Diaz.

Plaintiff commenced this civil rights action in response to a screening order in one of his prior cases, a petition for writ of habeas corpus filed June 15, 2018. See Hernandez v. Anglea, Case No. 2:18-cv-01735 MCE DB P. That screening order identified plaintiff's claim as an alleged denial of due process based on the allegation plaintiff had not been accorded the benefit of Proposition 57.[1] (See id., ECF No. 7). As explained in that order (id. at 2) (internal citations omitted):

---

[1] On November 8, 2016, the California voters approved "The Public Safety and Rehabilitation Act of 2016" (Proposition 57), which took effect the next day. See People v. Marquez, 11 Cal. App. 5th 816, 820-21 (Cal. App. 2017). Proposition 57 added Section 32 to Article I of the California Constitution, which provides in pertinent part:
> (a) The following provisions are hereby enacted to enhance public safety, improve rehabilitation, and avoid the release of prisoners by federal court order, notwithstanding anything in this article or any other provision of law:
> (1) Parole Consideration: Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense.
> (A) For purposes of this section only, the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence.

3

> Petitioner states the basis for relief is his 1997 conviction and sentence in the Superior Court of Sacramento County. Petitioner claims he received a third-strike sentence of twenty-five years-to-life for an in-prison drug offense. He states the offense is a non-violent offense and is not listed in California Penal Code § 667.5(c). He further alleges the [CDCR] is not giving him the benefit of Proposition 57 and considering him for parole. He claims he has a liberty interest in parole that is being denied. An attachment to the petition shows that his petition for writ of habeas corpus was denied by the Supreme Court of California on May 16, 2018.

The screening order dismissed the petition with leave to file a civil rights complaint, based on the following analysis (id. at 3-4) (emphasis added):

> Because earlier parole consideration does not necessarily mean speedier release from prison, petitioner's claims do not fall within the "core of habeas" and must be brought, if at all, as a civil rights action under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d [922] at 934-35 [9th Cir. 2016 (en banc)]; see also Solano v. Calif. Substance Abuse Treat. Fac., No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at *1-2 (C.D. Cal. Oct. 24, 2017) (habeas claims regarding Prop. 57 should be brought in § 1983 action), rep. and reco. adopted, 2017 WL 5641027 (C.D. Cal. Nov. 21, 2017); McCarary v. Kernan, No. 2:17-cv-1944 KJN P, 2017 WL 4539992, at *2 (E.D. Cal. Oct. 11, 2017) (challenge to applicability of Prop. 57 properly brought in civil rights action).
>
> Petitioner claims he is entitled to relief because he has not been given the benefit of Proposition 57. However, Proposition 57 relief "would not necessarily lead to [petitioner's] immediate or earlier release from confinement," but rather *a discretionary parole hearing where the parole board could decline to grant parole.* Nettles, 830 F.3d at 935. Therefore, petitioner's claim does not fall within the "core of habeas corpus." Id.

Thereafter plaintiff commenced the instant civil rights action and consented to the dismissal of Hernandez v. Anglea, Case No. 2:18-cv-01735 MCE DB P. (See id., ECF Nos. 7-10).

### C. Analysis

The court initially addresses the limited allegations of the instant complaint and finds them *generally* appropriate under Section 1983. For screening purposes, the court retains CDCR Secretary Ralph Diaz as the only named defendant this action. The court liberally construes plaintiff's demand for a jury trial as a request for an order of this court directing CDCR to consider plaintiff's eligibility for a parole consideration hearing and/or to conduct such hearing.

In general, injunctive relief is an appropriate remedy under Section 1983 and defendant Diaz, named in his official capacity, could implement such relief. See e.g. Cal. Code Regs. tit. 15, § 3491 et seq. (the "department" (CDCR) is responsible for completing eligibility reviews under Proposition 57). A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 n.10 (1989) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'") (citations omitted); see also Ex parte Young, 209 U.S. 123, 157 (1908) (the state official "must have some connection with the enforcement of the act"). In contrast, although damages are also generally available under Section 1983, the Eleventh Amendment bars monetary relief from state agencies and their officials sued in their official capacities. Will, supra, 491 U.S. at 71.

Turning more specifically to plaintiff's Proposition 57 claim, it appears that similar allegations raised in other cases within this district have found no cognizable claim under Section 1983, but nevertheless granted plaintiffs leave to file amended complaints. See e.g. Ham v. CDCR, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (E.D. Cal. Mar. 29, 2018) (Case No. 1:17-cv-1435 LJO MJS PC) (collecting cases). These decisions are premised on the assessment that "[p]arole consideration of a person who is eligible under Proposition 57 is discretionary and is a matter of state law." Daniels v. CDCR, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (E.D. Cal. Jan. 19, 2018) (Case No. 1:17-cv-01510 AWI BAM).

In Herrera v. California State Superior Courts, No. 1:17-CV-386-AWI-BAM, 2018 WL 400320, at *3, 2018 U.S. Dist. LEXIS 6113, at *8 (E.D. Cal. Jan. 12, 2018) (Case No. 1:17-cv-386 AWI BAM), the court noted that the California state court decisions addressing application of Proposition 57 were all unpublished and "uniformly state that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing, and does not entitle Plaintiff to seek relief in court in the first instance. Indeed, the plain language of the Art. I, sec. 32 provides that a person is eligible for 'parole consideration.' Any determination as to appellant's right to parole

5

under Proposition 57 must be made, in the first instance, by the appropriate agency." Id. at * 3. Accord, Olivier v. CDCR, 2019 WL 462771, at *1, 2019 U.S. Dist. LEXIS 19523, at *3 (E.D. Cal. Feb. 6, 2019) (Case No. 1:19-cv-00131 SKO HC) (citing Daniels v. CDCR, 2018 WL 489155, at *4, 2018 U.S. Dist. LEXIS 9086, at *11 (internal quotation marks omitted)). The Herrera court concluded that plaintiff's challenge to the application of Proposition 57 was not cognizable under Section 1983 because "it asserts only a violation or misinterpretation of state law," while Section 1983 "provides a remedy only for violation of the Constitution or law or treaties of the United States." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *9 (citing Swarthout v. Cooke, 562 U.S. 216, 222 (2011)).[2] "Plaintiff may not 'transform a state-law issue into a federal one merely by asserting a violation of due process.'" Id. (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996)); accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10 (E.D. Cal. June 7, 2018) (Case No. 2:17-CV-2431 KJN P).

In Ham, the court informed plaintiff that in December 2017, CDCR enacted regulations to effectuate Proposition 57. These regulations "provide a mechanism for CDCR to initiate reviews of all inmates to make an initial eligibility determination. Inmates determined to be eligible for parole hearings under Proposition 57 are to have their cases referred to Parole Hearing Boards. Inmates who are deemed ineligible are to be notified of their status and are subject to the Inmate

---

[2] In Swarthout, the Supreme Court clarified that only limited federal due process rights attach to state parole proceedings. The Court explained:
> Whatever liberty interest exists is, of course, a *state* interest created by California law. There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication – and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. . . . [A] prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. The Constitution . . . does not require more.

Swarthout v. Cooke, 562 U.S. at 862 (original emphasis) (citations and internal quotation marks omitted).

6

Appeal Process." Ham v. CDCR, 2018 WL 1532375, at *3, 2018 U.S. Dist. LEXIS 53645, at *6-7 (citations to California regulations omitted).[3] In the present case, plaintiff has not informed the court to what extent his request for relief under Proposition 57 has been considered, if at all, by CDCR. Although plaintiff indicates that he exhausted his administrative remedies on this matter, see ECF No. 1 at 4, it remains unclear, precisely, what matter he exhausted. Plaintiff must clarify what he has specifically requested of CDCR and the substance of CDCR's response.

Due to the brevity and ambiguities in the instant complaint, plaintiff will be granted leave to file an amended complaint in an effort to state a cognizable federal claim. As emphasized by the court in Herrera, plaintiff is reminded that "[t]he violation of state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Nonetheless, the Court will grant Plaintiff leave to amend to allege that standards for parole have been met, and the minimum procedures adequate for due-process protection of that interest have not been met, to the extent Plaintiff can do so in good faith." Herrera, 2018 WL 400320, at *4, 2018 U.S. Dist. LEXIS 6113, at *12; accord, Crisp v. Kernan, 2018 WL 2771310, at *4, 2018 U.S. Dist. LEXIS 96221, at *9-10.

IV. Leave to File a First Amended Complaint

For the foregoing reasons, the instant complaint must be dismissed. Plaintiff will be granted leave to file a proposed First Amended Complaint (FAC) within thirty days, in which he may attempt to state a cognizable claim subject to the legal standards set forth herein. The FAC must be on the form provided herewith, labeled "First Amended Complaint," and provide the case number assigned this case. The FAC must be complete in itself without reference to the original complaint. See Local Rule 15-220; Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

The FAC will be screened by the court pursuant to 28 U.S.C. § 1915A. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

////

---

[3] See generally, Cal. Code Regs. tit. 15, § 3490 et seq. See also Cal. Code Regs. tit. 15, § 3491(g) ("Eligibility reviews under this section are subject to the department's inmate appeal process in accordance with article 8 of chapter 1 of this division.").

V. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis, ECF No. 2, is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's original complaint, ECF No. 1, is dismissed in its entirety with leave to file a proposed First Amended Complaint (FAC) within thirty (30) days after service of this order, subject to the legal standards set forth herein. Failure to timely file a FAC will result in the dismissal of this action without prejudice.

4. The Clerk of Court is directed to send plaintiff, together with a copy of this order, a copy of the form complaint used by prisoners in this district to pursue a civil rights action under 42 U.S.C. § 1983.

SO ORDERED.

DATED: April 8, 2019

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE