UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL HERNANDEZ, | No. 2:18-cv-3265 AC P |
| Plaintiff, | |
| v. | ORDER and |
| RALPH DIAZ, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is a state prisoner incarcerated at the Sierra Conservation Center (SCC), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se and in forma pauperis with a First Amended Complaint (FAC) in this civil rights case. Plaintiff commenced this action after presenting his allegations in a petition for writ of habeas corpus that was dismissed without prejudice to filing a civil rights action under 42 U.S.C. § 1983. See Hernandez v. Anglea, Case No. 2:18-cv-01735 MCE DB P. By order filed April 9, 2019, this court dismissed plaintiff's original complaint with leave to file an amended complaint. See ECF No. 7. The court now screens plaintiff's FAC.

This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c). For the reasons that follow, the undersigned recommends that this action be dismissed for failure to state a cognizable federal claim.

////

1

This court applies the standards for screening a prisoner civil rights complaint under 28 U.S.C. § 1915A, which are set forth in the court's prior order. See ECF No. 7 at 2-3.

In his FAC, plaintiff again alleges that his federal due process rights were violated by the improper denial of parole consideration under Proposition 57. Plaintiff has attached a copy of his relevant administrative appeal, which was exhausted through the Third Level.[1] Id. at 8-11. Review of that appeal together with the FAC demonstrates that plaintiff is currently serving a third-strike sentence of 25-years-to-life, under California's Three Strikes sentencing law, based on his conviction for a nonviolent in-prison drug possession offense. Plaintiff seeks parole consideration under Proposition 57 on the ground he has completed the sentence imposed for his initial commitment offense (apparently completed in November 2016).[2] In his administrative appeal, plaintiff sought a "computation review hearing . . . readjusting his release date" and consideration for parole. Id. at 10. He alleges before this court that he "was never allowed the opportunity to a hearing for an early release as defendants failed to present plaintiff's prison file documents to the Parole Authority, and no statement was ever given to plaintiff for reasons why consideration was denied." Id. at 3. Plaintiff seeks a trial by jury and one million dollars each in compensatory and punitive damages. Id. at 6. In addition to previously named defendant CDCR Secretary Ralph Diaz, the FAC names SCS Warden Hunter Anglea, and Case Records Analysts Kim Bradbury and S. Sanders.

California's "Three Strikes" law, as originally enacted and as applied to plaintiff, required that a defendant previously convicted of two serious or violent felonies receive a mandatory sentence of at least 25-years-to-life following conviction of a third felony. See Cal. Penal Code § 667 et seq. The Three Strikes law was amended in 2012 by Proposition 36, which authorizes the imposition of an indeterminate life sentence for a third strike only if that strike is a serious and/or violent felony or the defendant is otherwise disqualified for a determinate sentence. See Teal v. Superior Court, 60 Cal. 4th 595 (2014). These amendments are not retroactive. See People v.

---

[1] The appeal does not include CDCR's written responses.
[2] The FAC also states, confusingly, that "plaintiff is eligible [for parole consideration] under his secondary commitment offense to prison for possession of a controlled substance." ECF No. 10 at 3.

Conley, 63 Cal. 4th 646 (2016). Prisoners, like plaintiff, whose third-strike sentences were final prior to the 2012 amendments and would not have resulted in an indeterminate life sentence under current law, may petition for recall of their sentence under Cal. Penal Code § 1170.126.

In 2016, California voters approved Proposition 57, which in pertinent part requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, §32(a)(1). The "full term for the primary offense" is defined as "the longest term of imprisonment imposed by the court for any offense, *excluding* the imposition of an enhancement, consecutive sentence, or alternative sentence." Id., § 32(a)(1)(A) (emphasis added). An indeterminate life sentence under the Three Strikes law is considered an "alternative sentence," see In re Edwards, 26 Cal. App. 5th 1181, 1187 (Cal. App. Sept. 7, 2018), and thus is *not* a primary offense term that must be served before a prisoner is eligible for parole consideration under Proposition 57. Therefore, a Three Strikes indeterminate sentence must be "put aside" for purposes of determining the full term of a prisoner's primary offense. Id. at 1192.

Plaintiff's FAC lacks sufficient detail for the court to identify CDCR's reason for denying his appeal. Nevertheless, plaintiff's allegations that CDCR erred in failing to find him eligible for parole under Proposition 57, and/or has improperly denied him a parole suitability hearing, do not state cognizable federal due process claims. Plaintiff's claims and potential remedies continue to be premised exclusively on state law. Although plaintiff has apparently exhausted his administrative remedies, he may still pursue a petition to recall his sentence in the Superior Court under Cal. Penal Code § 1170.126, and/or seek an expedited parole suitability hearing under Cal. Code Regs. tit. 15, § 3041.5(d)(1). Plaintiff "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997). Moreover, "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). "[A] § 1983 cause of action for damages attributable to an [allegedly] unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489-90 (1994) (fn. omitted). Even if plaintiff obtains a parole

suitability hearing, but is denied parole, there would be no violation of due process as long as plaintiff is allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. Swarthout v. Cooke, 562 U.S. 216, 222 (2011). Due process requires nothing more. Id.

The undersigned finds that further amendment would be futile. The court is persuaded that plaintiff is unable to allege any facts, based upon the circumstances he currently challenges, that would state a cognizable federal claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a district judge to this action.

Additionally, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable federal claim.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 21, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4